**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Andre R. Levesque</u>

    v.                                              Civil No. 10-cv-259-JL

<u>State of New Hampshire</u>

**<u>O R D E R</u>**

Before the Court is Andre Levesque's petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254, challenging his custody pursuant to his state civil commitment. Under the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"), a habeas petition filed in this Court will be promptly examined by a judge to determine whether or not it appears, on its face, to entitle the petitioner to relief. <u>See</u> § 2254 Rule 4. If it does not, the judge must dismiss the petition. <u>Id.</u> For the reasons stated herein, the petition is dismissed without prejudice.

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, and the matter is subject to a preliminary review, the Court conducting that review construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. <u>See</u> <u>Erickson v.</u>

Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or

naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

### Background

Andre Levesque was civilly committed by the New Hampshire Probate Court in March 2010.  Pursuant to that commitment, Levesque is in custody at the Secure Psychiatric Unit of the New Hampshire State Prison.  Levesque alleges that he was entitled to, and did not receive, certain unspecified due process protections during his commitment hearing.[1]

### Discussion

To be eligible for habeas relief, Levesque must show that he is in custody and that, for each claim raised, he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or

---

[1] Also contained in Levesque's pleading is some discussion of issues raised in his pending civil rights action in this Court, Levesque v. Rutland Cnty. Sheriff's Dep't, Civ. No. 09-cv-437-JL. Because those issues have been fully addressed in the civil rights action, and because they do not assert proper habeas claims, I will not consider them to be part of the petition here.

effective state corrective processes.  See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  Levesque is incarcerated pursuant to a civil commitment by a state court, and thus meets the custody requirement for filing a habeas petition. See 28 U.S.C. § 2254(a).

A petitioner's remedies in New Hampshire are exhausted when the New Hampshire Supreme Court has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted); Picard v. Connor, 404 U.S. 270, 277-78 (1971) (to satisfy exhaustion requirement petitioner must have fairly presented the substance of his federal claim to the state courts).

Here, Levesque claims that his civil commitment hearing was devoid of certain unspecified due process protections.  Even if these violations were specifically referenced in the petition, however, there is no indication that Levesque has presented those

federal claims to, or exhausted them in, the state courts, including the New Hampshire Supreme Court.

## Conclusion

For the foregoing reasons, the petition is dismissed without prejudice to refiling upon exhaustion of the claims therein. See Slack v. McDaniel, 529 U.S. 473, 479 (2000).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date:  November 1, 2010

cc:  Andre R. Levesque, pro se